Ranney, J.
In this case, the judgment of the district court must be affirmed. We are by no means satisfied that the justice had so-dealt with, or treated the money in his hands, as to make it his own, or that he was guilty of any official misconduct that would have. *393 worked a breach of the bond. He held the money in trust for the-creditor, and was bound to keep it safely; but this did not preclude him from placing it in a safe place of deposit, where it was kept safely. Had he no right to mingle the money with his own ; but the averments of the plea do not warrant the conclusion that he did so ; or that he did more than place the identical money he received, on special deposit, to be safely kept until called for by the creditor. We assume, therefore, that there was no breach of the official bond; during the life of the justice. But does the obligation of the sureties, to see that money received by him in his official capacity is. properly paid over, cease with his life, or other termination of his-official term? We think not.
Such a conclusion is neither warranted by the terms of the bond nor the object for which it is taken, while it would destroy *all security for paying over a considerable portion of the money that must, necessarily, come to his hands. It would not stop with exonerating from liability the sureties of justices of the peace, but would extend equally to those of sheriffs, treasurers, constables, and a multitude of other public officers, who receive large-sums of money which must, necessarily, remain in their hands at the termination of their official terms. The money received in this instance by the justice was held in trust for the creditor, and the only way in which the former could discharge himself from the trust was by paying it over, upon demand, to the latter. To secure fidelity in the performance of this duty, the official bond was taken. The sureties undertook that he should “well and truly pay over, according to law, all moneys that might come into his hands by virtue of his commission.” Until demanded, he was required to keep it safely; and when demanded, whether he was then in or out of office, to pay it over to the person' entitled.. This his sureties bound themselves he should do, and a failure to do it is a breach of their bond. When they assumed the obligation, they must be presumed to have known that, in the regular exercise of the duties of his office, it would probably terminate with money in his hands, and to have contemplated the various contingencies by which it might be brought to a close before the regular period for which he was elected. One of these was death; and in such a case they knew very well that the obligations resting upon him in respect to such funds, were by law cast upon his personal representative. They came to the hands *394 of the latter not, as a part of the estate, or to be administered as such, but for safe-keeping, and to be paid over to the person entitled to receive them. These things being within the contemplation of the contract, are, upon the best settled principles, within its obligation and legal effect. The sureties, therefore, upon the very contingency that here happened, bound themselves, not only for the fidelity of the justice, but, in the event of his death, for that of his personal representative, into whose custody the law committed *the fund and charged with the duty of safe-keeping and disbursement. By the very terms of the bond, it is enough that. the officer should have received the money “by virtue of his commission;” and in respect to all such moneys, the sureties undertake that he shall well and truly pay it over according to law. It is not paid over according to law, whether he be in or out of office, or whether the obligation still rests upon him or has been transferred to his personal representative, where it is not paid over upon the demand of the person entitled to receive it. It is of no importance that.the personal representative is not named in the bond. The death of a party neither adds to nor takes from the obligations he may have assumed; and the necessary legal incidents that the law attaches to the undertakings of parties, need never be expressed.
The obligation to juay over the money rests upon the officer while he lives, and devolves upon his personal representative when he dies. It is the simple performance of a trust, and until discharged, the obligation continues; and the undertaking of the sureties for the faithful performance of the duty, is no less extensive than the obligation it was created to secure.
This fund, therefore, rightfully came into the hands of the executrix, the demand was rightfully made upon her, and her refusal to pay over was a violation of the engagements of the sureties, and a breach of the bond into which they entered.

Judgment affirmed.